

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct:  518-776-2599
Writer's Email: brian.matula@ag.ny.gov
September 10, 2021

Hon. Mae A. D'Agostino
United States District Court – Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

      Re:    *Maitland v. State of New York et al.*
            Docket No.: 5:21-cv-00475

Dear Judge D'Agostino:

This Office represents the State of New York, Upstate Medical University ("UMU"), Upstate University Hospital ("UUH"), State University of New York, Dr. David Feiglin, Dr. Robert Poster, Dr. Michele Lisi, Dr. Andrij Wojtowycz, Dr. Maurice Oehlsen, Dr. Marissa Mincolla, Dr. Amy Tucker, Dr. Leslie Kohman, Dr. Mantosh Dewan and Dr. Saurabh Gupta. We are writing to request that the Court permit Defendants to file a Motion to Dismiss.

Plaintiff's claims in this case are limited to those brought pursuant to Title VII. Plaintiff claims she was discriminated against on the basis of her race (Count I), sex (Count II) and that she was retaliated against when she opposed discriminatory practices and participated in an EEOC proceeding (Count III). *See* Dkt. 1, *Complaint*, ¶¶132-150.

First, Defendants would like to argue for dismissal on the basis that Plaintiff's Title VII claims are only cognizable as against her employer. None of the individual defendants have been alleged to be Plaintiff's employer.

Page 2

Second, Defendants would like to argue that the claims against the State entities should also be dismissed in that Plaintiff has failed to link any adverse employment action or hostile work environment claim to the actions or inactions of the identified State entities. While the named individual defendants in this case have been alleged to be Plaintiff's partners in the URA partnership and radiologists or other specialists at UUH or UMU, Plaintiff has failed to allege that these individuals had any pertinent decision making authority with regard to the State entities.

Third, Defendants would like to argue the pleading fails to allege claims under the ADEA or any state law claims. These claims were referenced in the pleading's introductory paragraphs, but not supported or referenced in the pleading's "Counts" section.

Fourth, Defendants would like to argue that Plaintiff's failure to attribute any act to certain individual Defendants should result in dismissal of the claims against them.

Fifth, Defendants would like to argue the pleading fails to link any of the alleged adverse actions to any of the named Defendants. Plaintiff has wholly failed to indicate in her complaint who it was that issued her counseling letter, who it was that suspended her and who it was that terminated her.

Sixth, Defendant would like to argue that the allegations contained in the pleading do not rise to the level required to establish a hostile work environment. The criticism of work technique, disagreements over the treatment of residents, treatment of time off or allegations concerning presence at work or at her work station do not rise to the level of a hostile work environment.

Seventh, Defendants would like to argue that the Plaintiff failed to allege with sufficient particularity that the creation of any such environment or undertaking of any adverse action was motivated by discrimination on the basis of race or sex or that it was undertaken with a retaliatory motive. Plaintiff's claims of discrimination are entirely conclusory.

While the pleading alleges Plaintiff was treated differently than a doctor of the "white race" in connection with allegations of abandoning her post and with regard to her ability to complain

about resident evaluations, Plaintiff has wholly failed to allege who the decision makers were and whether they were the same individuals or to attribute this animus to acts constituting "adverse action" under Title VII. Even in the case of Dr. Oehlson, where Plaintiff attributed specific race-related remarks to him, Plaintiff did not allege that these comments were made to the Plaintiff or even in her presence (Complaint, ¶116, ¶119), and failed entirely to allege that Dr. Oehlson (even if having discriminatory animus) had any role undertaking any adverse action.

While the pleading alleges Plaintiff was a single mother, she has failed to allege that any policy against having children in a hospital setting where sensitive and dangerous equipment is regularly used was applied differently to her as a single mother. Remarkably, Plaintiff specifically alleged in her complaint that she was permitted by her Section Chief to bring her children to work when she requested to do so.

Finally, the pleading fails to allege that any of the Defendants were aware of Plaintiff's role in any EEOC proceeding prior to undertaking any action against her, such that it could be fairly alleged that they retaliated against her because of her participation.

For the above reasons, we request that Defendants be permitted the opportunity to make a Motion to Dismiss.

Further, this Office is still in the process of considering Dr. Benjamin's and Dr. Shapiro's requests for outside counsel. We request that their time to respond to the pleading be extended for thirty (30) days to allow the conflict assessment to be completed and for them to prepare their responses to the pleading. I previously sought this relief from Magistrate Dancks (Dkt. 11), but it appears that Judge Dancks has not yet considered this request or intended to defer the request to Your Honor.

Respectfully submitted,

*s/Brian W. Matula*

Brian W. Matula
Assistant Attorney General