# PINSKY & SKANDALIS, P.C.

*Attorneys and Counselors at Law*

5790 WIDEWATERS PARKWAY, SUITE 250
SYRACUSE, NEW YORK 13214
(315) 446-2384
(315) 446-3016 (Facsimile)
www.PinskySkandalis.com

September 10, 2021

Via ECF - electronic filing only
Hon. Mae A. D'Agostino
United States District Court, Northern District of New York
James T. Foley U.S. Courthouse, 445 Broadway
Albany, New York 12207

    Re:    *Ceceleta Maitland, M.D. v. The State of New York, et al.*
            Case No. 5:21-cv-00475-MAD-TWD

Dear Judge D'Agostino:

    I am the attorney representing University Radiology Associates, LLP ("URA") in the above-captioned matter. I submit this letter on behalf of URA to request leave to file a Motion to Dismiss and a pre-briefing conference with the Court.

    URA intends to argue that the Complaint (Dkt. 1) filed by Ceceleta Maitland, M.D. ("Plaintiff" or "Dr. Maitland") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 12(b)(5) for insufficient service of process. In addition, URA will rely upon many of the same grounds for dismissal as argued by URA's co-defendants represented by the Office of the Attorney General (as stated in the letter request by Brian W. Matula, Esq. dated September 10, 2021, Dkt. 14).

    In regards to a dismissal under Rule 12(b)(6), URA intends to argue that as a limited liability partnership formed under New York's Partnership Law (Dkt. 1, ¶9), Plaintiff's causes of action do not apply. Plaintiff's causes of action are limited to an allegation of discrimination based on race under Title VII of the Civil Rights Act of 1964 (42 USC §2000e et seq.), an allegation of

discrimination based on sex under Title VII, and an allegation of retaliation under Title VII. However, Title VII only applies to "employers" with 15 or more employees (42 USC §2000e(b)). URA has no employees as each radiologist works with URA as a partner in its partnership. Plaintiff does not allege anything to the contrary and does not allege that URA had 15 employees.

Further, as a partner in a partnership, Plaintiff is an employer under Title VII and not an employee to whom Title VII applies. Although, Plaintiff passingly alleges that she was "an employee" of each of the entities individually identified as defendants (i.e. URA, Upstate Medical University, Upstate University Hospital, and the State of New York) (Dkt. 1, ¶¶2, 6-9), Plaintiff's complaint fails to include any facts supporting a contention that she was an employee of URA rather than a partner in a partnership. The standards set forth by the United States Supreme Court in *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003), and its progeny, posit six factors as a non-exclusive list for guidance in resolving the general issue of whether an individual is an employee or an employer for whom Title VII would not apply. (*Id.* at 445). Plaintiff's Complaint fails to allege facts sufficient to show that URA exerted the type of control over Plaintiff to make her an employee rather than a partner/employer.

Under Rule 12(b)(6), URA also intends to seek dismissal of Plaintiff's retaliation claim. (Dkt. 1, ¶¶146-150, Count III). To establish a prima facie case of Title VII retaliation, one of the elements requires a plaintiff to prove "a causal connection between the protected activity and that adverse action." *Agosto v. New York City Dep't of Educ.,* 982 F.3d 86, 104 (2d Cir. 2020). In our case, Plaintiff has failed to plead that URA knew of Plaintiff's EEOC complaint (Dkt. 1, ¶118) or that her filing occurred before URA took any adverse actions against her. The Complaint only alleges "threadbare" recitals of a cause of action's elements simply with "mere conclusory

statements," which are insufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 565 U.S. 662, 678-679 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Similarly, URA intends to seek a dismissal under Rule 12(b)(6) of any hostile work environment claims embedded within Plaintiff's first and second causes of action (Dkt. 1, ¶134-135, 141-142) because Plaintiff fails to plead facts to establish the requisite severity, pervasiveness, or concertedness to establish a *prima facie* case. *Agosto*, 982 F.3d 86 at 104.

Further, URA intends to seek dismissal under Rule 12(b)(6) because Plaintiff alleges in a general, introductory paragraph that it seeks relief under Section 740 of the New York State Labor Law (the Whistleblower Act), and the Age Discrimination in Employment Act of 1964 (ADEA), as well as a general reference to "defamatory statements" and "common law tort." (Dkt. 1, pg. 3). However, the Complaint does not meet the pleading requirements under FRCP 8 as it does not include any separately pleaded causes of action or allegations under these statutes or laws.

In regards to a dismissal under Rule 12(b)(5), Plaintiff's Affidavit of Service asserts that process was served on Mary Nelson, who was "Front Desk/Authorized to Accept Service who specifically stated he/she was authorized to accept service on behalf of [URA]." (Dkt. 10-12). While Ms. Nelson works in reception for the radiology department, URA does not employ Ms. Nelson or grant her with authority to accept service, and she is not an officer, managing or general agent, or any other agent authorized by law or statute to accept service for URA. Ms. Nelson did not state anything to the contrary. Service was improper under FRCP 4 and CPLR 310.

       Very truly yours,

       */s/ Todd J. Pinsky*
       Todd J. Pinsky, Esq.
       tpinsky@pinskyskandalis.com

cc:    Brian W. Matula, Esq. (Attorney for Co-Defendants)– via ECF only
       Jeffrey R. Parry, Esq. (Attorney for Plaintiff) – via ECF only