# *Jeffrey R. Parry, Esq.*

---

## Attorney and Counselor at Law

---

Manuel Katsoulis, Esq.                                        JeffreyParry404@gmail.com
                                    7030 East Genesee Street
                                    Fayetteville, N.Y. 13066
                                         (315) 412-9126
                                *- not for service of process -*


Hon. Mae D'Agostino                                          September 15, 2021
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 1312207                                          *Via Electronic Filing*


     Re: *Maitland v. State of New York, et al.*; 5:21-cv-00475

Dear Judge D'Agostino,

     As the Court is aware, I represent Ceceleta Maitland in the above referenced matter. I wish to address the letter briefs of opposing counsel in advance of our conference on September 21, 2021.

     First, please take note that Mr. Matula appeared on September 10, 2021 after some weeks of delay to ascertain whether any conflicts existed as to his representation of various clients. Of course, I stipulated to this as a worthwhile effort and I would certainly do so for any attorney under these circumstances. Dkt 7. Mr. Pinsky likewise agreed to this delay as well. Id. Subsequently, Mr. Matula requested another 30 days to ascertain conflict issues for two additional clients bringing the ultimate appearance date to October 11, 2021. Given the complexity of this case, I would agree to this as well although I was not consulted.

     It should be noted that, when I spoke to Mr. Matula regarding the extension of time on or about July 26, 2021, I mentioned to him that I would be amending the Complaint so as to perhaps allow him to save some time and effort. While I certainly wouldn't expect Mr. Matula to remember, I bring it up to make it known to the Court that it has long been my intention to amend the Complaint and a considerable period has passed, and continues to pass, as we wait for Mr. Matula's

clients to appear.

With that being said, no one more than I appreciates the effort that went into Counsel's presentation to the Court. However, Federal Rule of Civil Procedure Rule 15 is extremely liberal in allowing amended pleadings including lengthy response times. USCS Fed Rules Civ Proc R 15. As such, with an Amended Complaint in the offing, I respectfully submit that motion practice of the Rule 12(c) or Rule 12(b)(6) variety is premature at this point. This is particularly so as we are still awaiting the appearance of Mr. Matula's remaining clients. Once again, Mr. Matula only appeared on the 10th and I have not received the responsive pleadings required to start the clock under Rule 15. Id. As well, the Amended Complaint will cover Mr. Matula's further concerns as to a viable complaint, I have no doubt of that.

As to the issues raised as to the sufficiency of service by Mr. Pinsky, it appears that he is addressing the validity of service upon his Upstate Radiology Associates, LLP only. It further appears that service of process as to the partners/ officers of that entity is not at issue. In that context, I have reviewed the service of process standards under the Federal Rules and CPLR 310 as well as certain relevant cases. USCS Fed Rules Civ Proc R 5; NY CLS CPLR § 310. While my research is very preliminary, I would offer the following tentative observations.

1.)     First, as it does not seem to be contested that Dr. Feiglin was personally served and as Dr. Feiglin serves (or at least previously served) as Director of Upstate Radiology Associates, as the papers served upon him were identical to those served upon URA in all respects and as service upon the defendant limited liability partnership would be deemed adequate if accomplished upon a "managing or general agent" (to quote opposing counsel) it would seem that service upon URA was accomplished in fact when Dr. Feiglin was served. Dkt 15.

2.)     As a supportive argument, as service was also accomplished upon the other individual radiologists herein and as they all partners in the LLP, it would seem that service was likewise accomplished on URA. To the very best of my knowledge, it is not necessary for the process server to delineate to the defendant whether the papers served are for him or the entity he represents.

3.)     Mr. Pinsky would appear to be incorrect in his statement to the effect that Ms. Nelson made no statement contradicting her grant of authority to accept service. *See* Dkt 15 *at* ¶8. In fact, the process server noted her representation that

she did, indeed, have authority to accept his various affidavits of service. Dkt 10.

      4.)    Service upon URA of the Amended Complaint or another suit entirely will resolve the issue even if the above-mentioned possibilities are incorrect.

      Certainly, all of the parties are concerned about the due process issue and all want it resolved. However, as a Complaint may be amended "as a matter of course" upon the receipt of responsive pleadings and no responsive pleadings have been had, it would seem somewhat premature to be discussing motion practice at this point. I would note that, in this regard, summary judgment motions do not appear to be recognized as pleadings. *Dogan v. Harbert Constr. Corp.*, 507 F. Supp. 254, 1980 U.S. Dist. LEXIS 16086 (S.D.N.Y. 1980). And while my research on this topic was very brief indeed, this appears to be the generally held opinion amongst the circuits.

      I would certainly take the precaution of "re-serving" URA with an Amended Pleading. That may be a commonsense solution to this particular issue and would have the advantage of avoiding unnecessary motion practice. However, I would once again respectfully remind the Court that, based upon the appearance of the parties, we are within the statutory timeframe within which to amend and. as I mentioned previously, we are still awaiting the appearance of Mr. Matula's additional clients. As such, Plaintiff takes the position that motion practice at this juncture is premature and likely to lead to repetitive motions once the Amended Complaint comes on line.

      Very truly yours,

*Jeffrey Parry*

      Jeffrey Parry