**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CECELETA MAITLAND, MD,**

                              **Plaintiff,**          **Civil Action No.: 5:21-cv-00475-MAD-TWD**

**vs.**

**THE STATE UNIVERSITY OF NEW YORK SYSTEM**
**UPSTSATE MEDICAL CENTER;**
**UNIVERSITY RADIOLOGY ASSOCIATES, LLP; and,**
**DAVID FEIGLIN, MD,**

                              **Defendants.**
_____

<u>**JOINT STIPULATION**</u>

      **WHEREAS,** on March 11, 2024, Plaintiff filed a Motion to Preclude and for Sanctions [Dkt. No. 136] ("Plaintiff's Motion") based upon the alleged failure of Defendant The State University of New York, Upstate Medical Center ("SUNY/Upstate"), to produce certain medical records reviewed as part of two peer reviews critiquing Plaintiff's work;

      **WHEREAS,** one peer review report was authored by Dr. Jennifer Nicole Taylor of Crouse Radiology Associates on or about June 17, 2020 (referred to herein as the "Crouse Radiology Report," as Plaintiff referred to it in Plaintiff's Motion), and one peer review report was authored by Dr. Anup Shetty of MD Review on or about September 22, 2020 (referred to herein as the "MD Review Report," as Plaintiff referred to it in Plaintiff's Motion).

      **WHEREAS,** in accordance with the Court's Order dated May 22, 2024 [Dkt. No. 141], SUNY/Upstate has produced the medical records at issue in Plaintiff's Motion [Dkt. No. 136];

      **WHEREAS,** in accordance with the Court's Order dated May 22, 2024, the Parties have met and conferred in an effort to resolve any remaining discovery disputes [Dkt. No. 142], and

the Parties have agreed to the following Stipulation that will result in the withdrawal of Plaintiff's Motion;

**NOW THEREFORE IT IS** hereby agreed and stipulated by the undersigned attorneys on behalf of their respective clients as follows:

1. The Parties agree and stipulate that Defendant SUNY/Upstate's production of documents is complete with respect to the documents underlying the peer review reports prepared by MD Review and Crouse Radiology.

2. The Parties stipulate and agree that within 30 days of the filing of this Stipulation with the Court that the Parties may serve SUNY Upstate with Requests to Admit which will identify the medical record number or other identifier for each of the scans/reports produced by SUNY and the associated Accession Numbers referred to in the Crouse Radiology Report, and Patient ID numbers referred to in the MD Review Report.  To the extent that SUNY Upstate cannot admit that a specific scan/film corresponds to a specific Accession Number or Patient ID number, SUNY Upstate shall, to the extent it can, identify the Accession Number in the Crouse Radiology Report and/or Patient ID number in the MD Review Report associated with the medical record number.

3. The Parties agree and stipulate that nothing herein shall preclude Plaintiff from making a motion *in limine* challenging the admissibility of the MD Review Report or the Crouse Radiology Report, provided however that no such motion may be based upon a claim that the Defendants did not produce medical records which formed the basis of these reports. This stipulation should not be read as an admission by any Defendant that such a motion *in limine* would have merit.

4. The Parties agree and stipulate that Defendants shall not object to Plaintiff's testimony about her work or the commentary/critiques of her work, including the MD Review Report and the Crouse Radiology Report.

5. The Parties further agree and stipulate that Plaintiff will not object to the testimony, including opinion testimony, of Dr. Shetty and/or Dr. Taylor about the reviews, commentary, and critiques in the MD Review Report and the Crouse Radiology Report.

6. The Parties further agree and stipulate that Plaintiff will not object to the testimony, including opinion testimony, of Dr. Marissa Mincolla with respect to the internal peer review report authored by Dr. Mincollaor in the Crouse Radiology Report.

7. The Parties further agree and stipulate that nothing herein shall preclude any other witnesses from testifying as to their general observations, assessments, and opinions regarding Plaintiff's work performance or the facts surrounding the Medical Executive Committee's review of Plaintiff's performance; further, nothing herein shall preclude any witness from testifying as to their involvement with, review of, or assessment of the MD Review Report or the Crouse Radiology Report during the relevant time periods when Plaintiff worked for or with the Defendants.

8. The Parties agree and stipulate that Plaintiff's damages shall not include and Plaintiff shall not pursue any damages related to her employment, salary, benefits, wages, or compensation, or related matters, for any job, employment, or position beyond Plaintiff's start date of employment with the Medical College of Wisconsin.

9. The Parties further agree and stipulate that Plaintiff's compensatory damages, including but not limited to alleged emotional distress damages, shall not include, and

Plaintiff shall not testify or attempt to introduce evidence as to matters involving Plaintiff's economic damages relating to her salary, benefits, wages, or compensation, or related matters, including searching or applying for any job, employment, or position beyond Plaintiff's start of employment with the Medical College of Wisconsin, including any testimony pertaining to any alleged effect of information available through the National Practitioner Data Bank or her ability to obtain employment. Nothing herein shall prevent Plaintiff from offering testimony with respect to her compensatory damages, including any continuing pain, suffering and emotional distress caused by the Defendants.

10. The Parties agree and stipulate that the Plaintiff shall withdraw Plaintiff's Motion (Dkt. No. 136).

Dated: August 26, 2024

By:  s/Linda H. Joseph
Linda H. Joseph, Esq.
Schroder, Joseph & Associates, LLP
394 Franklin Street, Second Floor
Buffalo, New York 14202
(716) 881-4900
ljoseph@sjalegal.com

*Attorney for Plaintiff*

By: s/Todd J. Pinsky
Todd J. Pinsky, Esq.
Pinsky & Skandalis, P.C.
6723 Towpath Road-Suite 101
East Syracuse, New York 13057
(315) 446-2384
tpinsky@pinskyskandalis.com

*Attorney for Defendant University Radiology Associates, LLP*

4

LETITIA JAMES
Attorney General of the State of New York

By: s/ Peter A. Daniel, Esq.

Peter A. McDaniel, Esq.
Assistant Attorney General, of
Counsel The Capitol
Albany, New York 12224
(518) 776-2582
peter.mcdaniel@ag.ny.gov

*Attorney for Defendants SUNY Upstate and David
Feiglin, M.D.*

IT IS SO ORDERED:

Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated:  8/28/2024