

**Office of the New York State Attorney General**

**Letitia James Attorney General**

January 17, 2025

*Via ECF*
Hon. Mae A. D'Agostino
United States District Court, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

RE: **Maitland v. Upstate Medical University et al.**
     **Northern District of New York**
     **21-cv-475 (MAD/TWD)**

Dear Judge D'Agostino,

     This office represents Defendants Upstate Medical University, the State University of New York Upstate Medical Center and David Feiglin, M.D. in the above referenced action. Plaintiff asserts seven causes of action alleging discrimination on the basis of race and gender, hostile work environment and retaliation in violation of Title VII and the NYS Human Rights Law ("HRL"). ECF No. 72. I respectfully submit this pre-motion letter requesting permission to file a separate motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a) and for a conference to discuss.

     Plaintiff was an employee of both Upstate Medical Center and Co-Defendant University Radiology Associates, under the supervision of Dr. Feiglin, being employed to teach and practice radiology respectively. ECF No. 72, ¶¶14, 26, 41. It is undisputed that Plaintiff was reported to her superiors regarding concerns about her professionalism and the quality of her work, and her work was found to have numerous errors upon independent review. A nonparty, the Medical Executive Committee, determined Plaintiff required training to fix those issues and her practice privileges were suspended with pay. Plaintiff did not pursue that training, and instead brought this

lawsuit. Maintaining her privileges was a condition of her employment contract with Upstate Radiology, and her failure to restore them led to her termination. She maintained her position with SUNY Upstate, however her contract was not renewed.

NYSHRL discrimination claims are evaluated under the same standards as Title VII claim. *Arnold v. Town of Camillus*, 2024 WL 3936788, at *6 (N.D.N.Y. Aug. 26, 2024). Discrimination claims under Title VII are analyzed according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, a plaintiff must establish a prima facie case of discrimination by showing that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *McDonnell Douglas,* 411 U.S. at 802; see also *Licinio v. New York*, 2024 WL 3969010, at *30 (N.D.N.Y. Aug. 28, 2024). If Plaintiff meets all four elements, "the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason." *McDonnell Douglas*, 411 U.S. at 802. Once the employer has articulated that reason, the burden shifts back to the Plaintiff to demonstrate that the employer's stated reasons are "pretext" and that the true motivation is discriminatory animus. *Id.* The burden remains with Plaintiff to establish discrimination. *Id.*

"The standard for showing a hostile work environment under Title VII, Section 1983, and (the pre-amendment) New York State Human Rights Law is essentially the same." *Smith v. Town of Hempstead Dept. of Sanitation Sanitary Dist. No. 2*, 798 F. Supp. 2d 443, 451 (E.D.N.Y. 2011).[1] "A hostile work environment exists '[w]hen the workplace is permeated with discriminatory

---

[1] Under the post-2019 amendments to the HRL, plaintiff need demonstrate only that she was subjected to "inferior terms, conditions or privileges of employment" (N.Y. Exec. § 296 (1)(h)) but must still establish that she "has been treated less well than other employees *because of her protected status*." *Chin v. NYC Housing*, 106 A.D.3d 443, 445 (1st Dept. 2013).

intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Torres v. Pisano*, 116 F.3d 625, 630-31 (2d Cir. 1997) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Finally, it is axiomatic that in order to establish a sex (or race)-based hostile work environment, a plaintiff must demonstrate that the conduct occurred because of her sex (or race). *Arnold v. Town of Camillus*, 2024 WL 3936788, at *7–8 (N.D.N.Y. Aug. 26, 2024).

To set forth an unlawful retaliation claim under Title VII and the HRL, Plaintiff must show "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." *Whipple v. Reed Eye Assocs.*, 524 F.Supp.3d 76 (W.D.N.Y.2021)(citing, *Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 609 [2d Cir. 2006]).  The same three-part *McDonald Douglas* burden-shifting analysis applies. *Id.*

Here, Plaintiff fails to allege facts that Defendants took an adverse employment action under circumstances that give rise to an inference of discrimination or created a 'severe or pervasive' hostile work environment (or inferior terms of employment) due to her race or gender. While Plaintiff theorizes that her employment issues stemmed from racial/gender-based animus on the part of the Defendants, and that Dr. Feiglin's actions reviewing her subpar work product were retaliatory, no record evidence supports this conjecture, and Defendants contend that any employment action was taken for nondiscriminatory reasons, thus summary judgment is warranted.

In light of the foregoing Defendants respectfully request permission to file a separate motion for summary judgment and for a conference to discuss.

                                                  Respectfully yours,

                                                  **s/ *Peter A. McDaniel***

                                                  Peter A. McDaniel, A.A.G., of Counsel
                                                  Office of the Attorney General, Litigation Bureau
                                                  Bar Roll No. 518415
                                                  The Capitol
                                                  Albany, New York 12224-0341
                                                  Phone: (518) 776-2582
                                                  Email:  Peter.McDaniel@ag.ny.gov

cc:      All counsel (*via ECF*).